WILSON TURNER KOSMO LLP
LETICIA C. BUTLER (253345)
MELLANIA E. SAFARIAN (313100)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: lbutler@wilsonturnerkosmo.com
E-mail: msafarian@wilsonturnerkosmo.com

Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA GOLDE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., a corporation; Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-cv-8555<br><br>**DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. SECTIONS 1332(a)(1), 1441 (DIVERSITY)]**<br><br>Trial:       Not Set<br>Complaint<br>     Filed:    July 31. 2024 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), Defendant Sedgwick Claims Management Services, Inc. (hereinafter "Defendant" or "Sedgwick") hereby removes this action from the Superior Court in the State of California, County of Los Angeles (the "Superior Court") to the United States District Court for the Central District of California.

///

///

///

///

-1-                    Case No. 2:24-cv-8555

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

The following statement of grounds for removal is submitted pursuant to the provisions of Section 1446.[1]

## I.   STATEMENT OF JURISDICTION

1.   The District Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to Section 1441(a), because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

2.   Jurisdiction over the action within the District Court is proper on the grounds herein described, and the action is timely and properly removed upon the filing of this Notice.

## II.   PLEADINGS AND PROCESS

3.   On July 31, 2024, Plaintiff Gina Golde ("Plaintiff") filed a Complaint in the Superior Court for the State of California, County of Los Angeles, entitled *Gina Golde v. Sedgwick Claims Management, Inc.,* Case Number 24STCV19095 (the "Action").  (Declaration of Leticia C. Butler accompanying this Notice of Removal ["Butler Decl."], ¶ 3.)  True and correct copies of the Summons, Proof of Service of Summons for Sedgwick, Complaint, and Civil Case Cover Sheet are attached to the Butler Decl. as Exhibit A.  (*Id*., Exhibit ["Exh."] A.)  *See also,* 28 U.S.C. § 1446(a) (requiring submission of all process, pleadings, and orders served upon a removing defendant).

4.   In the Complaint, Plaintiff asserts eight (8) causes of action against Sedgwick under California law: (1) Failure to Pay Wages for All Hours Worked at Minimum Wage; (2) Failure to Pay Overtime Wages for Overtime Worked; (3) Failure to Authorize or Permit Meal Periods; (4) Failure to Timely Pay Earned Wages During Employment; (5) Failure to Provide Complete and Accurate Wage Statements;

---

[1] All references to "Section" are to sections of Title 28 of the United States Code unless otherwise noted.

-2-                    Case No. 2:24-cv-8555

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

(6) Failure to Timely Pay All Earned Wages Due at the Time of Separation from Employment; (7) Unjust Enrichment; and (8) Unfair Business Practices. (*See generally*, Exh. A [Complaint].)

5. Plaintiff served the Summons and Complaint on Defendant on September 5, 2024. (Butler Decl., ¶ 3, Exh. A [Proof of Service of Summons].)

6. Defendant's understanding is that no other parties have been named or served and no other party has appeared in the Action. (Butler Decl., ¶ 4.) *See also,* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action").

7. On October 1, 2024, Defendant timely filed and served its Answer to the Complaint in the Superior Court, a true and correct copy of which is attached to the Butler Decl. as Exhibit B. (Butler Decl., ¶ 5, Exh. B [Answer].)

8. Exhibits A and B constitute all process and pleadings that have been filed in the Action as of the time of filing this Notice of Removal. (Butler Decl., ¶ 6.)

### III.   TIMELINESS OF REMOVAL

9. This Removal is being filed within thirty (30) days after Defendant was personally served with a copy of Plaintiff's Summons and Complaint on September 5, 2024, and within one (1) year of the commencement of the Action. (*See generally* Butler Decl., ¶ 3, Exh. A.) Removal, therefore, is timely within the time mandated by Section 1446(b)-(c) and the Federal Rules of Civil Procedure. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 355-356 (1999) (noting the time for removal is triggered by the actual service of the Complaint, rather than its receipt by other means); Fed. Rules Civ. Proc. 6(a).

### IV.   VENUE

10. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff initially filed this action in the Superior

///

-3-                               Case No. 2:24-cv-8555

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

Court for the County of Los Angeles, which sits within the Central judicial district of California, Western Division. 28 U.S.C. § 84(c)(2).

13. 11. Venue also is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In this case, Plaintiff worked for Sedgwick in the County of Los Angeles, California. (*See* Butler Decl., ¶ 3, Exh. A [Complaint], at ¶ 5.)

12. Accordingly, for purposes of Removal, venue lies properly in this District Court.

### V. THE DISTRICT COURT MAY EXERCISE TRADITIONAL DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a)

13. This case meets the requirements of Section 1332(a) and may be removed pursuant to Section 1441 because it is a civil action between – (1) "citizens of different States;" and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

**A. The Parties Are Citizens of Different States**

14. Under the traditional diversity statute, providing the amount in controversy is established, the District Court "shall have original jurisdiction of all civil actions . . . between . . . citizens of different States." 28 U.S.C. § 1332(a)(l).

15. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be her domicile until facts adduced establish the contrary."), *quoting Anderson v. Watt*, 138 U.S. 694, 706 (1891).

///

-4-                    Case No. 2:24-cv-8555

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S NOTICE OF REMOVAL

Case 2:24-cv-08555-FMO-AJR   Document 1   Filed 10/04/24   Page 5 of 11   Page ID
#:5

16. Plaintiff concedes that, at all times relevant to this action, she resided in Los Angeles County, California. (Butler Decl., Exh. A [Complaint], at ¶ 1.) Plaintiff thus is presumptively a citizen of California. Plaintiff's residence is *prima facie* evidence that she is domiciled in California for purposes of diversity. *See State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also, Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *9-10 (E.D. Cal. Mar. 18, 2008); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff further alleges when she experienced all events that form the basis of this lawsuit, she was in California. (Butler Decl., Exh. A [Complaint], at ¶ 58.)

17. Sedgwick was, at the time this action was filed in state court, and still is, a corporation duly organized and existing under the laws of the State of Illinois. (Declaration of Doug Foster accompanying this Notice of Removal ("Foster Decl."), ¶ 3; Butler Decl., ¶ 7, Exh. C [CA Statement of Information].) Sedgwick's corporate headquarters are located in Memphis, Tennessee. (*Id*.) Sedgwick's corporate headquarters are where the majority of executive and administrative functions are performed and where the majority of its corporate officers and executives are located. (Foster Decl., ¶ 3.) Therefore, under the "nerve center" test, Sedgwick's principal place of business is in Tennessee. *See Hertz Corp. v. Friend*, 559 U.S. 77, 78, 93 (2010) (noting the nerve center will "normally be the place where the corporation maintains its headquarters"). Accordingly, Sedgwick is a citizen of Tennessee for the purpose of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

18. The Complaint also names Does 1 through 100. (Butler Decl., Exh. A [Complaint], at ¶ 3.) However, by statute, the citizenship of these fictitious defendants "shall be disregarded" for purposes of diversity jurisdiction. 28 U.S.C. § 1441(b); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989) ("Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction.").

///

-5-                    Case No. 2:24-cv-8555

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

19.     Given that Plaintiff is a citizen of California, Sedgwick is not a citizen of California, and no other defendant exists for purposes of determining federal jurisdiction, the citizenship of the Parties is diverse pursuant to Section 1332(a)(1).

**B.     Plaintiff's Complaint Places More than $75,000 in Controversy**

20.     Without admitting Plaintiff could recover damages, including civil or statutory penalties, Sedgwick asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

21.     In cases in which the existence of diversity jurisdiction depends on the amount in controversy, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* 574 U.S. 81, 89 (2014).  Furthermore, District Courts must presume plaintiffs will prevail on each and every one of their claims for relief.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1096 (11th Cir. 1994) (noting the amount in controversy analysis presumes that "'plaintiff prevails on liability'").

22.     "[C]alculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp*., 408 F. Supp. 2d 982, 984, 986 (S.D. Cal. 2005) ("'It's not a question of what you would owe.  It's a question as to what is in controversy.'"); *see also, Galt G/S v. JSS Scandinavia*,142 F.3d 1150, 1155-56 (9th Cir. 1998).  Plaintiff's causes of action, prayers for relief, and findings in other cases making similar demands illustrate the reasonableness of Sedgwick's good faith belief and calculation that the amount in controversy in this Action more likely than not exceeds $75,000.

23.     Where, as here, a plaintiff does not plead the amount of damages that she seeks, the court must look beyond the complaint to determine whether the lawsuit meets the jurisdictional requirement.  *See Lowdermilk v. U.S. Bank Nat'l Assoc*., 479

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

F.3d 994, 998, n.4 (9th Cir. 2007) *overruling on other grounds recognized by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006).

24.     Plaintiff's Complaint asserts the amount in controversy exceeds $25,000, the Superior Court's jurisdictional minimum. (*See* Butler Decl., Exh. A [Complaint], at ¶ 59.) Plaintiff's Complaint does not specify the amount Plaintiff seeks to recover from Sedgwick in this Action but seeks a variety of damages, including but not limited to, loss of earnings, penalties pursuant to Labor Code sections 201-203, 226.7, and 512, prejudgment interest, and attorneys' fees and costs of suit. (Butler Decl., Exh. A [Complaint], at ¶¶ 65-67, 73-76, 82-83, 86-89, 92-94, 98-100, 107, and 110-111, and Prayer for Relief ¶¶ 1-8.).

25.     The fact that Plaintiff's Complaint does not immediately place a firm dollar value on damages sought does not preclude removal. Considering "litigation realities," courts routinely find employment cases alleging discrimination and seeking similar damages satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g.*, *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *1, *5-6 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *1–4 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress, punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031-35 (N.D. Cal. 2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees). Thus, removal is proper based on this Court's diversity jurisdiction.

///

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

26.     **Lost Wages and Overtime Wages.**  Sedgwick expressly denies that Plaintiff is entitled to recover lost wages or overtime wages.  Plaintiff's seeks compensatory damages including "all earned wages including damages for minimum wage violations, overtime wages and meal break premium wages" and "denied meal pay premiums."  (Complaint, p. 19 "Prayer for Relief.")  Plaintiff was formerly employed by Sedgwick as a Disability Clinical Specialist from August 16, 2010, to March 22, 2024.  (Butler Decl., Exh. A [Complaint], at ¶ 5; Foster Decl., at ¶ 4.)  At the time of her resignation, Plaintiff earned $44.04 per hour or approximately $85,878.00 per year.  (Foster Decl., at ¶ 5.)  Using Plaintiff's base rate alone, Plaintiff seeks over $137,404.80 ($44.04 x 15 overtime hours x 52 weeks x 4 years) in lost wages and/or overtime wages for the "additional 2 to 3 hours of overtime each day" or "approximately 15 hours of overtime each week off the clock" since approximately 2014 until her resignation in 2024 (Exhibit A, Complaint, ¶¶ 20 and 37.)  Thus, Plaintiff potentially seeks at least **$137,404.80** in lost wages and/or overtime wages alone (not including minimum wage violations, meal break premium wages, and denied meal pay premiums).

27.     **Premium Pay.**  Plaintiff also seeks premium pay for alleged violations of *Labor Code* sections 226.7 and 512.  (Exhibit A, Complaint, ¶¶ 81-83, and "Prayer for Relief").  Plaintiff would be entitled to 1 hour of pay at her regular rate of compensation ("premium pay") for each workday a meal period is not provided.  *See Labor Code* section 226.7.  Since Plaintiff worked for his employer since 2010, Plaintiff would be entitled to premium pay for four years prior to the filing of this Complaint, specifically from July 31, 2020, until the end of her employment on March 22, 2024.  *See Code of Civil Procedure* section 338 and *Business & Professions Code* sections 17200 et seq.  Plaintiff alleges that Defendant failed to provide meal periods as required resulting in her consistently eating lunch at her desk without an uninterrupted meal period.  (Exhibit A, Complaint, ¶¶ 22 and 82).  She also alleges that she was forced to clock out for lunch and continue to work through lunch in order

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

to complete her tasks.  (Exhibit A, Complaint, ¶ 50).  This amounts to $45,801.60 for meal period premiums (52 weeks x 5 non-compliant meal periods x 4 years x $44.04=$4,524.00) for a total of **$45,801.60** in alleged unpaid premium pay.

28.  **Penalties.** Additionally, Plaintiff seeks a penalty for alleged violations of *Labor Code* sections 201-203.  (Exhibit A, Complaint, ¶¶ 95-100, and "Prayer for Relief").  Plaintiff would be entitled to recover all of her earned wages, including overtime wages, as a penalty from the due date until paid or until the action is commenced, for a period not to exceed thirty (30) days.  *See Labor Code* section 203(a).  Plaintiff alleges that Sedgwick failed to pay her earned wages, including overtime wages, for the "additional 2 to 3 hours of overtime each day" or "approximately 15 hours of overtime each week off the clock" since approximately 2014 until her resignation in 2024 (Exhibit A, Complaint, ¶¶ 20, 37, 40, and 41.) Thus, Plaintiff would be entitled to approximately **$15,854.40** ([$44.04 x 7.5 hours] + [$44.04 x 1.5 overtime x 3 hours overtime] x 30 days) in penalties for alleged violations of the *Labor Code.*

29.  **Attorneys' Fees and Costs.**  Finally, as stated above, Plaintiff seeks attorneys' fees and costs.  (Butler Decl., Exh. A [Complaint], at ¶¶ 67, 76, 83, 94, 107, and 111, and Prayer for Relief.)  Attorneys' fees and costs are potentially recoverable under *Labor Code* sections 218.5, 226, and 1194, as well as *Code of Civil Procedure* section 1021.5, and thus may be included in the amount in controversy analysis. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute).  In assessing the amount in controversy, both prior and future estimated attorneys' fees are included in the calculation.  *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).  Attorneys' fees are likely to exceed more than $75,000 alone should Plaintiff prevail.  Even a mere 300 hours through trial at a low rate of $250 per hour would cause fees alone to hit the amount in controversy requirement.

-9-  Case No. 2:24-cv-8555

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

30.     Taken together, the amount in controversy "more likely than not" well exceeds $75,000.  In fact, just Plaintiff's lost wages/overtime wages to date are $137,404.80. Indeed, in light of "litigation realities," courts routinely find employment cases alleging similar claims and seeking similar types of relief satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g., Jones v. CLP Resources, Inc.*, No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010).  Accordingly, the amount in controversy requirement is satisfied.

## VI.    ALL OTHER REQUIREMENTS FOR REMOVAL ARE MET

31.     As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Sedgwick is concurrently filing its Notice of Interested Parties.

32.     Promptly after the filing of such notice of removal of a civil action the Defendant shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded. (Butler Decl., ¶ 8.)

33.     Should the propriety of removal be questioned, Sedgwick requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal.  *See Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

///

///

///

-10-                    Case No. 2:24-cv-8555

DEFENDANT SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.'S
NOTICE OF REMOVAL

# VII.   <u>CONCLUSION</u>

34.     For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. section 1332 and removal of this action is proper under 28 U.S.C. sections 1441 and 1446.

35.     WHEREFORE, Sedgwick requests that the Court remove this Action from the Superior Court of California, County of Los Angeles, to this Court for all further proceedings.

Dated:    October 4. 2024          **WILSON TURNER KOSMO LLP**

By:    */s/ Leticia C. Butler*
LETICIA C. BUTLER
MELLANIA E. SAFARIAN
Attorneys for Defendant
SEDGWICK CLAIMS MANAGEMENT
SERVICES. INC.

-11-                    Case No. 2:24-cv-8555